UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JODY SCHNEIDER | CIVIL ACTION |
| VERSUS | NO. 23-436 |
| STATE OF LOUISIANA | SECTION: "M"(1) |

### REPORT AND RECOMMENDATION

Plaintiff, Jody Schneider, a state pretrial detainee, filed this federal civil action pursuant to 42 U.S.C. § 1983. The State of Louisiana was named as the sole defendant.[1]

When plaintiff filed the complaint, she neither paid the required filing fee nor applied to proceed *in forma pauperis*. On February 3, 2023, the Clerk of Court therefore issued a "Notice of Deficient Filing" directing plaintiff to correct that deficiency;[2] however, plaintiff failed to do so.

Thereafter, on March 3, 2023, the undersigned United States Magistrate Judge issued an Order directing plaintiff to pay the filing fee or to submit a completed pauper application on or before March 24, 2023.[3] That Order, which was forwarded to plaintiff at the St. Tammany Parish Jail, was returned by the United States Postal Service as undeliverable, bearing a handwritten notation indicating that plaintiff was no longer at that facility.[4]

On April 18, 2023, the undersigned then issued another Order directing plaintiff to pay the filing fee or to submit a completed pauper application on or before May 9, 2023.[5] Plaintiff was expressly warned that if she failed to comply with that Order, the undersigned would recommend that this action be dismissed.[6] That Order was forwarded to plaintiff at an alternate private address

---

[1] Rec. Doc. 1.
[2] Rec. Doc. 2.
[3] Rec. Doc. 3.
[4] Rec. Doc. 4.
[5] Rec. Doc. 5.
[6] Id.

in Covington, Louisiana, which she had provided in the complaint.[7] That Order has not been returned as undeliverable, and yet plaintiff has not complied with the Order.

In light of the foregoing, it is appropriate to dismiss plaintiff's complaint for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider her conduct in determining whether dismissal is proper under Rule 41(b). As noted, plaintiff was ordered to pay the required filing fee or submit an application to proceed as a pauper by May 9, 2023. To date, the filing fee remains unpaid and no pauper application has been submitted. Accordingly, dismissal for failure to prosecute is appropriate.[8]

---

[7] See Rec. Doc. 1, p. 3.

[8] Out of an abundance of caution, the undersigned finds that plaintiff's complaint would be subject to dismissal on other grounds even if the fee had been paid or pauper status had been granted. As noted, the sole defendant named in the complaint is the State of Louisiana. However, the Eleventh Amendment to the United States Constitution provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const. amend. XI. Despite the wording of that amendment, the United States Supreme Court has held: "For over a century, however, we have recognized that the States' sovereign immunity is not limited to the literal terms of the Eleventh Amendment. Although the text of the Amendment refers only to suits against a State by citizens of **another** State, we have repeatedly held that an unconsenting State also is immune from suits by its **own** citizens." Tennessee Student Assistance Corp. v. Hood, 541 U.S. 440, 446 (2004) (emphasis added; citation omitted). Louisiana has not waived its Eleventh Amendment sovereign immunity regarding suits in federal courts, and, "in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States." Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 281 (5th Cir. 2002) (quotation marks omitted).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 15th day of May, 2023.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**